-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEPHEN A. MENZ,

    Plaintiff,

-v-

DR. KAREN WIENIER;
DAVID SZQUILT, primary therapist;
KRISTINIA WASHINGTON, caseworker;
PATRICK TERMINIERIA, case worker;
DR. JOY CORASEL; DR. OLIVE TEVERREDER;
and JOHN WEGMAN;

    Defendants.

**DECISION and ORDER**
05-CV-6743T(Fe)

---

Plaintiff Stephen A. Menz, proceeding *pro se*, filed this action and an application for *in forma pauperis* status. Because the application for poor person status meets the criteria under 28 U.S.C. § 1915, plaintiff is granted *in forma pauperis* status. Plaintiff thereafter filed a large stack of papers which have been docketed as "Continuation of Exhibits" (Docket No. 3). For the reasons discussed below, this case is sealed until further order of the Court and unless plaintiff files an amended complaint in the manner directed, the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Preliminarily, the Court notes that the complaint includes personal information, including extensive medical records, that would normally be expected to have been redacted or filed under seal given the availability of civil case file information on the

internet pursuant to electronic filing. See Privacy Notice to Pro Se Litigants. For that reason, the Court will seal the complaint on its own motion.

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). However, a complaint may be so disjointed and confusing as to be incapable of adequate review by the Court or answer by the defendants. See *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (stating that the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). When a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint. See *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995); *Salahuddin v. Cuomo*, 861 F.2d at 42. Plaintiff's complaint is so cursory and confusing as to fail to state a claim.

First, plaintiff's complaint fails to include his own name anywhere but in the form of his signature. He has not included his name in the caption as the plaintiff, nor in the party section of the complaint. Similarly, plaintiff has included the above named defendants in the caption part of the complaint as defendants, but he has failed to list them or include any information about them in the parties section of the complaint. This might not be so troublesome if it were not for the fact that plaintiff has listed different defendants in the caption section of his application for poor person status, including the Strong Ties Community Support Program, which appears nowhere as a party in the complaint. Further, some of the defendants named in the caption have allegations against them in the allegations section of the complaint, but not all of them, and persons not named as defendants have allegations against them. Plaintiff appears to name Judge Morris of the Town of Brighton and Brighton Police Officer F. Sedlet as defendants to his second claim, but has failed to name them as defendants in the caption of the complaint. Therefore, it is impossible for the Court to determine against whom the complaint is made.

Second, it is even more difficult to determine what action or actions plaintiff complains of. Plaintiff has listed a series of complaints, but has failed to explain enough about the allegations for the Court to be able to determine either who did exactly what, or whether each thing complained of states a claim that the Court can consider. The few lines plaintiff has added to the papers filed as exhibits to the complaint fail to shed any light on the nature of his claims. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that each averment be "concise, and direct,"

Fed.R.Civ.P. 8(e)(1). "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." 2A Moore's Federal Practice P 8.13, at 8-58 (2d ed. 1994). The complaint fails to give fair notice as required by Rule 8 of the Federal Rules of Civil Procedure, or to provide enough information to allow the Court to review it under 28 U.S.C. § 1915.

"Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Salahuddin*, 861 F.2d at 42, and "if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend . . . especially . . . when the complaint states a claim that is on its face nonfrivolous," *Simmons*, 49 F.3d at 86-87. In light of plaintiff's pro se status and his apparent mental health difficulties, plaintiff is granted an opportunity to amend the complaint to make clear the nature of his complaints, and what each defendant did that he is complaining of. The amended complaint must be written in complete sentences that state who did what. It must also explain what problem was caused to plaintiff by the thing done. Plaintiff should be careful to complete each section of the Non-Prisoner Civil Complaint forms supplied by the Court as it will help him to supply the above required information.

For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless he files an amended complaint by **February 14, 2006**, in which he includes the necessary allegations regarding his claims as directed above and

in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **February 14, 2006**;

FURTHER, that the Clerk of the Court is directed to seal the complaint including the exhibits attached thereto (Docket Nos. 1 and 3);

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank Non-Prisoner Civil Complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **February 14, 2006**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **February 14, 2006**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **February 14, 2006**, the Court hereby certifies, pursuant

to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:     1/24 , 2006
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge